UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
AVA JONES,

                              Plaintiff,

                  -against-

THE CITY OF NEW YORK, POLICE OFFICER
NICHOLAS DEROBERTIS, Tax ID No.:922243,
SGT. MARK KOSTA, Tax ID No. 949180, P.O.
EVAN GALES, Tax ID No. 952756, P.O. CAMEEL
QUALLIS, Tax ID No. 949516, P.O. JONATHAN
MARTINEZ, Tax ID No. 953059, ST. FRANK
ALIFFI, Tax No. 939856, LT. MARECK NOWAK,
Tax ID No. 932115, and SGT. FLORENCIA ARQUIR,
Tax ID No. 915250,

                              Defendants.
------------------------------------------------------------------------x

AMENDED COMPLAINT

16 CV 5466 (FB)(VMS)

Jury Trial Demanded

      Plaintiff, AVA JONES, by her attorney, EDWARD FRIEDMAN, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiff's civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

    2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff AVA JONES is a legal resident of the United States and a resident of the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. At all times hereinafter mentioned, the defendants, NICHOLAS DEROBERTIS, MARK KOSTA, EVAN GALES, CAMEEL QUALLIS, JONATHAN MARTINEZ, FRANK ALIFFI, MARECK NOWAK and FLORENCIA ARQUIR, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On June 22, 2015 at approximately 8:30 A.M plaintiff was lawfully inside premises 25 Monument Walk the County of Kings, City of New York.

14. Her mother lived on the fourth floor of 25 Monument Walk and plaintiff was visiting on the date of occurrence.

15. Plaintiff was informed that a neighbor's apartment on the fourth floor was being searched by members of the New York City Police Department.

16. The plaintiff's son received a call from the tenant of the apartment that was being searched that police broke down the door and asked plaintiff's son to secure the apartment after the police left. Plaintiff called a friend to help her secure the apartment. Plaintiff went downstairs to meet her friend and they both proceeded to go back to the fourth floor.

17. When plaintiff arrived back at the fourth floor hallway, she was met by the defendant police officers.

18. She was told that her son was being arrested for assaulting police officers who were effectuating the search of the apartment.

19. Plaintiff asked the defendants why her son was being arrested and the defendants responded by asking for her identification.

20. Plaintiff informed officers that her mother lived on the floor.

21. Plaintiff's friend began to record the encounter between plaintiff and defendants with his smart phone.

22. Despite having no probable cause to arrest plaintiff, the defendants told her she and her friend were under arrest and proceeded to handcuff plaintiff.

23. During the course of this incident, plaintiff's arms were twisted violently behind her, she was thrown into the wall and otherwise manhandled by members of the New York City Police Department.

24. Plaintiff was issued a summons for Disorderly Conduct and released prior to being transported to the police precinct.

25. Plaintiff subsequently sought treatment for her injuries, and was diagnosed with a Scaphoid Fracture of the wrist (right) and Intermetarcarpal Sprain.

26. After making several appearances in Brooklyn Criminal Court, the charge against plaintiff was dismissed on the merits on December 21, 2015.

27. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injury,

emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C.§1983)

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

30. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of State

law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34. As a result of the aforementioned conduct of defendants, plaintiff was injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest Under 42 U.S.C. §1983)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The defendants unlawfully arrested the plaintiff against her will without probable cause.

37. As a result of the foregoing, plaintiff was deprived of her Fourth and Fourteenth Amendment rights.

## AS AND FOR A SECOND CAUSE OF ACTION
(Failure To Intervene Under 42 U.S.C. §1983)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

40. The defendants failed to intervene to prevent the unlawful conduct described herein.

41. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was assaulted and battered, put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force Under 42 U.S.C. §1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The defendants unlawfully used excessive force against the plaintiff without justification.

44. As a result of the foregoing, plaintiff was deprived of her Fourth and Fourteenth Amendment rights.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution Under 42 U.S.C. §1983)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through " 44" with the same force and effect as if fully set forth herein.

46. Defendants initiated, commenced and continued a malicious prosecution against the plaintiff by providing false and/or misleading information to the Kings County District Attorney's Office.

47.     Defendants caused plaintiff be prosecuted until December 21, 2015, when all charges were dismissed on the merits.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability Under 42 U.S.C. §1983)

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

50.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of excessive force against individuals by the NYPD who take part in recording via smart phone police activity. In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants,

defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

54. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff was unlawfully stopped, seized, assaulted, battered, and detained.

55. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

56. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest and malicious prosecution;

    B. To be free from the use of excessive force and/or the failure to intervene.

57. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

WHEREFORE, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

A. Full and fair compensatory damages in an amount to be determined by a jury;

B. Punitive damages in an amount to be determined by a jury;

C. Reasonable attorney's fees on behalf of plaintiff and the costs and disbursements of this action; and

D. Such other and further relief as appears just and proper.

Dated: Brooklyn, New York
February     , 2017

EDWARD FRIEDMAN (EDF 4000)
Attorney for Plaintiff

26 Court Street - Suite 1903
Brooklyn, New York   11242
(718) 852-8849